# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | 8:16CR68 |
| v. | ) | |
| | ) | FINDINGS AND |
| JANET FONTENOT, and | ) | RECOMMENDATION |
| STEPHANIE HILL, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendant's, Stephanie Hill, Motion (Filing No. 48) to Change Venue from Omaha to North Platte, Nebraska. Co-defendant Janet Fontenot does not object. (Filing No. 50). For the reasons discussed below, the undersigned magistrate judge recommends granting the motion.

## DISCUSSION

Under Rule 18 of the Federal Rules of Criminal Procedure, "[t]he court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Fed. R. Crim. P. 18. Although the district court has considerable discretion in determining the place of trial, "that discretion is contingent upon the court's consideration of the factors provided in Rule 18 when ruling on a proper motion for change of venue." *United States v. Stanko*, 528 F.3d 581, 586 (8th Cir. 2008). Rule 18 does not place the burden on the defendant to establish the reason for change of venue. *Id.* at 584.

The Indictment in this case alleges a conspiracy to distribute and possess with intent to distribute fifty grams or more of a mixture or substance containing methamphetamine occurring between November 2015 and January 2016 in violation of 21 U.S.C. § 846. (Filing No. 1). Prior to her arrest, Hill resided in North Platte and a significant majority of the criminal allegations set forth in the indictment are alleged to have occurred near North Platte. Counsel for Hill avers that all of the witnesses the defense may call to testify at

trial reside in, or in the close vicinity to, North Platte. Counsel for Hill further avers many of the government's potential witnesses reside in, or in close vicinity to, North Platte. ([Filing No. 48 at p. 3](#)). Hill's friends, family, supporters, and acquaintances who wish to attend the trial are from North Platte or the North Platte area, and the cost and inconvenience to travel more than 336 miles, one way, from North Platte to Omaha, will impose a significant and personal hardship on them. A component of the convenience of the defendant is the ability of family, friends, and other supporters to attend trial. *[Stanko, 528 F.3d at 586](#)*. It appears there are few factors weighing in favor of maintaining the trial in Omaha, and numerous factors weighing in favor of moving trial to North Platte. Upon balancing the factors to be considered, for the convenience of the defendant and witnesses, the prompt administration of justice, and in accordance with Rule 18 of the Federal Rules of Criminal Procedure, the undersigned finds and recommends that this case be transferred to the North Platte trial docket.

**IT IS HEREBY RECOMMENDED** to Chief District Court Judge Laurie Smith Camp that defendant's, Stephanie Hill, Motion ([Filing No. 48](#)) to Change Venue be granted.

### ADMONITION

Pursuant to NECrimR [59.2](#), any party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. Failure to timely object may constitute a waiver of any objection.

**DATED: May 24, 2016.**

                                                   **BY THE COURT:**

                                                  **s/ F.A. Gossett**
                                                  **United States Magistrate Judge**